OPINION OF THE COURT
Judith A. Hillery, J.
Petitioner commenced this CPLR article 78 proceeding to declare the nullity of a cease and desist directive dated June 20, 1991 and to enjoin the New York State Department of Environmental Conservation (DEC) from enforcing the Fresh *425 water Wetlands Act (ECL art 24) against petitioner’s property upon the grounds that the DEC lacks jurisdiction. Petitioner seeks a permanent injunction against the DEC from interfering with development of the subject premises and remapping the parcel to add wetlands and declaring that the respondents have acted arbitrarily and capriciously in deciding to remap the property.
Petitioner purchased the subject 68-acre parcel in the Town of Red Hook, Dutchess County, in 1986 for the purpose of subdividing and developing the property. At the time of the purchase, a portion of the property designated "CM-24” was included on a tentative wetland map prepared by respondent. Thereafter, petitioner requested a representative of respondent to determine whether any of petitioner’s land was wetland and, if so, to delineate those areas so that petitioner could plan the development of its property. DEC Senior Wildlife Biologist Joseph Steeley inspected petitioner’s land and determined that there were no wetlands on the premises and the property was not subject to regulation under the provisions of ECL article 24. This determination was embodied in a letter dated May 8, 1987 from Mr. Steeley to petitioner. The final Dutchess County wetlands map was filed on July 15, 1987 with the parcel designated CM-24 deleted.
Thereafter, petitioner proceeded to seek subdivision approval in October of 1987 and commenced work on the parcel to subdivide the property as well as road construction and drainage improvements. During the subdivision approval process, petitioner’s engineer received written confirmation that CM-24 did not appear on the final wetlands map. By September 1990, petitioner had substantially completed the improvements necessary to market the subdivision.
On January 29, 1991, respondent notified petitioner by letter that its property may be affected by proposed amendments to the final wetlands map for Dutchess County. That change sought to reestablish CM-24 which includes parts of two building lots included in petitioner’s subdivision. Petitioner was further notified that 6 NYCRR 664.7 (a) (7) (i) might apply which would prohibit activity on the site within the affected areas.
Petitioner claims that as a result of the action of the respondent DEC he will suffer economic loss of use of two parcels. Petitioner contends that pursuant to ECL 24-0703 (5) it can proceed since the DEC informed petitioner there were *426 no wetlands on the parcel, filed the map showing no wetlands on the subject premises and that according to this statute these facts are a complete defense to the enforcement of article 24 to the subject parcel of land.
Respondent moves to dismiss the petition upon the grounds that it fails to state a cause of action since article 24 gives the DEC power to amend final wetlands maps and to enforce the Freshwater Wetlands Act with respect to property. Respondent also contends that the petition is premature since the DEC has not adopted the amendments to the wetlands maps and petitioner has not applied for a freshwater wetlands permit in order to develop the affected property. Respondents also take the position that the motion for summary judgment by petitioner is premature since the respondents have not answered the petition and have merely moved to dismiss. Respondents allege that their notice to petitioner of the map amendment proceeding constituted a repudiation of its ECL 24-0703 (5) letter and that petitioner is time barred since more than four months has passed since the issuance of that repudiation letter. Lastly, it is argued by respondent that the map amendment proceeding has not yet been completed and any challenge at this time is premature and must be dismissed for failure to exhaust administrative remedies and further argue that petitioner has failed to prove that he has undertaken substantial construction and made substantial expenditures to vest his rights prior to the assertion of jurisdiction. Respondent contends that pursuant to ECL 24-0703 (5) the Commissioner may readjust the wetlands maps to clarify the boundaries of the wetlands, to correct any errors on the map, to effect any additions, deletions or technical changes on the map, and to reflect changes that have occurred as a result of the granting of permits or natural changes which may have occurred through erosion, accretion, or otherwise. Respondent urges the court to interpret ECL 24-0703 (5) to mean that a "negative declaration” is only effective as long as the letter is outstanding and has not been recalled by the DEC.
Petitioners contend that this action was commenced within a four-month period as provided by statute and sets forth the applicable time periods in its notice of cross motion to dismiss affirmative defenses and for summary judgment.
Petitioner relies for relief on ECL 24-0703 (5) which provides, in pertinent part, that prior to the promulgation of final freshwater wetlands maps, activity may not be conducted in that area without a permit, that any person may inquire of *427 the department as to whether or not a given parcel of land will be designated a freshwater wetland subject to regulation, and that in the event the department shall give a definite answer in the affirmative, it shall be reviewable and that such an answer in the negative shall be a complete defense to the enforcement of this article to such parcel of land. The respondent cites ECL 24-0301 (6) which provides, in pertinent part, that the Commissioner may readjust any wetlands maps to clarify boundaries of wetlands, correct any errors on the map, to effect any additions, deletions or technical changes on the map and to reflect changes that have occurred as a result of granting of permits, or natural changes which have occurred through erosion, accretion or otherwise. There is no dispute that the DEC gave notice to affected landowners concerning the proposed amendment to the final wetlands map which would affect petitioner’s property. Despite the apparent contradiction raised by the provisions relied on by the parties under ECL 24-0703 (5) and 24-0301 (6), the court finds that the respondent DEC has the jurisdiction and authority to readjust final wetlands maps to correct errors and make additions or other changes provided notice is given (see, Matter of Wedinger v Goldberger, 129 AD2d 712, affd 71 NY2d 428). In this case, although petitioner received a letter indicating that there were no wetlands on his property prior to the filing of a final map, his argument that this communication is a defense in the situation is flawed. The statute relied on by petitioner, ECL 24-0703 (5), specifically refers to a situation where a final freshwater wetlands map has not been promulgated. The clear policy of the Environmental Conservation Law under ECL 24-0103 is "to preserve, protect and conserve freshwater wetlands * * * prevent the despoliation and destruction of freshwater wetlands and to regulate use and development of such wetlands * * * consistent with the general welfare and beneficial economic, social and agricultural development of the state.” ECL 24-0301 (6) specifically refers to the Commissioner’s power after a final wetlands map has been filed allowing the Commissioner to readjust the map as set forth by statute. Only two parcels (lots 1 and 19) in petitioner’s subdivision have been designated as possibly affected by the proposed amendment to the final wetlands map. Petitioner has failed to show that it has a vested right in those two parcels sufficient to overcome the continuing regulatory jurisdiction of the Commissioner in readjusting final wetlands maps (ECL 24-0703 [5]).
*428 Accordingly, the petition is hereby dismissed in its entirety. The cross motion for summary judgment is denied. All other relief requested is denied. Upon this determination, the court will not address the Statute of Limitations and failure to exhaust administrative remedies defenses raised by the respondents.